## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON WARREN, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| *vs.* | § § | Civil Action No. |
| SCOTT & ASSOCIATES, P.C., a Texas Professional Corporation; ABSOLUTE RESOLUTIONS INVESTMENTS, LLC an Arizona Limited Liability Company; and JOHN and JANE DOES 1-10, | § § § § § § | 5:19-cv-1416 |
| Defendants. | § | |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL

Plaintiff, AARON WARREN, individually and on behalf of all others similarly situated, by way of this Complaint against Defendant, SCOTT & ASSOCIATES, P.C. ("SCOTT"), ABSOLUTE RESOLUTIONS INVESTMENTS, LLC  ("ARI"), and JOHN and JANE DOES 1-10 ("DOES") (collectively, Defendants"), states:

### I.      NATURE OF THE ACTION

1.      Plaintiff brings this action for the illegal practices of Defendants who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from him. Plaintiff alleges Defendants' collection practices violate The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

2.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal

bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc*., 687 F.3d 665 (5th Cir. 2012).

4.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

5.     To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

6.     The FDCPA also requires debt collectors to provide consumers with certain disclosures within five days of the debt collector's initial communication with the consumer, if the original communication does not contain the disclosures. 15 U.S.C. § 1692g(a). These initial disclosures must include the amount of the debt and the name of the creditor and:

> (a) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (b) a statement that if the consumer notifies the debt collector in writing within the

thirty-day period that the debt or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a judgment against the

consumer and a copy of such verification or judgment will be mailed to the

consumer by the debt collector; and

(c) a statement that, upon the consumer's written request within the thirty-day period,

the debt collector will provide the consumer with the name and address of the

original creditor if different from the current creditor.

15 U.S.C. §§ 1692g(a)(1)-(5).

7.     Plaintiff seeks actual, statutory, and exemplary damages, injunctive relief,

attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by

this Court, pursuant to the FDCPA, TDCA, and all other common law or statutory regimes.

## II.     PARTIES

8.     WARREN is a natural person.

9.     At all times relevant to the factual allegations of this Complaint, WARREN was a

citizen of, and resided in, the City of San Antonio, Bexar County, Texas.

10.     At all times relevant to the factual allegations of this Complaint, SCOTT was a

professional corporation existing pursuant to the laws of the State of Texas.

11.     Plaintiff is informed and believes, and on that basis alleges, that SCOTT

maintains its principal place of business at 1120 Metrocrest Drive, Suite 100, Carrollton, Texas.

12.     At all times relevant to the factual allegations of this Complaint, ARI was a

Limited Liability Corporation, existing pursuant to the laws of the State of Arizona.

13.     Plaintiff is informed and believes, and on that basis alleges, that ARI maintains its

principal place of business at 8000 Norman Center Dr Ste 350 Bloomington, MN 55437.

14.     DOES are sued under fictitious names as their true names and capacities are yet

unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and

capacities of the DOE defendants once they are ascertained.

### III.    JURISDICTION AND VENUE

15.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§§ 1331 & 1337.

16.    Declaratory relief is available pursuant 28 U.S.C. §§ 2201, 2202.

17.    Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because

the events giving rise to the claims occurred within this federal judicial district, and because

SCOTT and ARI regularly transact business within this federal judicial district and, therefore,

reside in the State of Texas within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV.    FACTS CONCERNING DEFENDANTS

18.    SCOTT regularly engages in the collection of defaulted consumer debts.

19.    SCOTT regularly collects or attempts to collect debts alleged to be owed to

others.

20.    SCOTT is a business the principal purpose of which is the collection of defaulted

consumer debts.

21.    In attempting to collect debts, SCOTT uses the mails, telephone, the internet, and

other instruments of interstate commerce.

22.    ARI purchases defaulted consumer debts from third parties.

23.    After purchasing defaulted consumer debt from third parties, ARI undertakes to

liquidate the debt both directly and indirectly.

24.    ARI directly liquidates defaulted consumer debts by filing lawsuits to collect

them.

25.    On information and belief, ARI has been the plaintiff in more than 1,000 lawsuits

in state courts around the United States in the twelve months prior to the filing of this lawsuit.

26.     ARI indirectly liquidates defaulted consumer debts by hiring debt collectors such as SCOTT to collect them using the mail.

27.     On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of the named Defendants that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by the named Defendants and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

## V.     FACTS CONCERNING PLAINTIFF

28.     Plaintiff is alleged to have incurred and defaulted on a credit card account opened with First National Bank of Omaha (the "Debt").

29.     The Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

30.     Plaintiff is informed and believes, and on that basis alleges, that on or after February 28, 2018, after concluding the account was in default and charging it off, First National Bank of Omaha either directly or through intermediate transactions sold the debt to ARI.

31.     Plaintiff is informed and believes, and on that basis alleges, that on or before November 21, 2018, ARI either directly or through intermediate transactions assigned, placed, or transferred, the Debt to SCOTT for collection.

32.     On or about December 5, 2018, WARREN was served with a citation and petition, notifying him that SCOTT had filed a lawsuit against him on behalf of ARI to collect the Debt.

33.     A yellow card ("Card") was also served with the citation and petition. A true and correct copy of the Card is attached hereto as ***Exhibit A***.

34.     The Card stated:

<u>**THIS YELOW CARD IS NOT PART OF THE LAWSUIT**</u>
<u>**THAT IS BEING SERVED ON YOU**</u>

## This Can Be Resolved Outside of Court:

Contact an Account Representative at Scott & Associates, P.C.

**Call:**       (866) 298-3155
            Monday – Friday 8am-6pm

**Email:**      helpdesk@scott-pc.com

**IN ACCORDANCE WITH 15 U.S.C 1692E(11), PLEASE BE ADVISED THAT THE PURPOSE OF THIS DOCUMENT IS TO COLLECT A  DEBT, AND ANY INFORMATION OBTAINED YOUR YOU WILL BE USED FOR THAT PURPOSE.**

35.     The Card was an attempt to collect the Debt.

36.     The Card was SCOTT's first communication with WARREN in an attempt to collect the Debt.

37.     Within five days of sending the Card, SCOTT was required to send WARREN the notice required by § 1692g(a) of the FDCPA.

38.     At no time after delivery of the Card did SCOTT provide WARREN with a notice required by § 1692g(a) of the FDCPA.

39.     SCOTT'S failure to give WARREN the disclosures required by § 1692g(a) deprived him of truthful, non-misleading, information in connection with Defendants' attempt to collect the Debt.

## VI. CLASS ALLEGATIONS

40.     Defendants' conduct toward WARREN is consistent with their policies and

practices when attempting to collect debts from consumers generally. Consequently, this action is brought by WARREN individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41.     WARREN seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

42.     *Class Definition.* The Class consists of  all natural persons with addresses in the State of Texas to whom SCOTT sent a Card in the form of *Exhibit A* but to whom SCOTT did not send a notice required by 15 U.S.C. § 1692g(a), during the period beginning December 5, 2018 and ending December 26, 2019.

43.      The identities of the Class members are readily ascertainable from the business records of Defendants and those entities on whose behalf Defendants attempted to collect debts.

44.     *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from SCOTT's failure to send § 1692g(a) disclosures within five days of serving the Card.

45.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

46.     *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

47.     *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendants with respect to each Class member.

48.     *Typicality.* WARREN's claims are typical of the Class because those claims arise from a common course of conduct engaged in by Defendants.

49.     *Adequacy.* WARREN will fairly and adequately protect the interests of the Class

members because she has no interests adverse to the interests of the Class members. Moreover, WARREN is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither WARREN nor him counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

50.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Based on discovery and further investigation (including, but not limited to, disclosure by Defendants of class size and net worth), WARREN may, in addition to moving for class certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII.     COUNT ONE: VIOLATION OF THE FDCPA.

51. The preceding facts about Defendants and Plaintiff are incorporated by reference.

18.     SCOTT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

19.     ARI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

20.     DOES are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

21.     The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

22.      WARREN is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

23.     The Card was a "communication" within the meaning of 15 U.S.C. § 1692a(2).

24.     SCOTT failed to comply with the FDCPA with respect to Plaintiff. Such failure includes, but is not limited to, failing to send the § 1692g(a) disclosures after serving consumers with the Card, in violation of 15 U.S.C. §1692g(a).

25.     SCOTT's conduct invaded the rights of Plaintiff that are protected by the FDCPA,

the invasion of which caused injury-in-fact.

26.     Based on a single violation of the FDCPA, Defendants are liable to Plaintiff for such relief as is allowed under 15 U.S.C. § 1692k.

27.     PRA is vicariously liable for SCOTT's actions.

## VIII.   PRAYER FOR RELIEF.

1.   WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendants, jointly and severally, as follows:

(a)     Certifying this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 including defining the Class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

(b)     Awarding statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

(c)     Awarding of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

(d)     An incentive award for Plaintiff, in connection with his services to the Class in an amount to be determined by the Court after judgment is entered in favor of the Class;

(e)     Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

(f)     Awarding costs of suit as allowed by law;

(g)     Awarding actual damages to Plaintiff and the Class to the extent the recovery of reasonable attorneys' fees and costs cause Plaintiff or the Class a negative tax consequence; and

(h)     For such other and further relief as may be just and proper.

## IX.     JURY DEMAND.

1.   Demand is hereby made for trial by jury.

Dated: December 5, 2019                          Respectfully submitted,
                                                 /s/William M. Clanton

WIlliam M. Clanton
Texas Bar No, 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, TX 78216
(210) 226-0800 phone
(210) 338-8660 fax
Bill@clantonlawoffice.com

_____*s/ Andrew T. Thomasson*_____
Andrew T. Thomasson, Attorney-in-Charge
    NJ Bar No. 048362011; SDTX No. 2347873
Philip D. Stern
    NJ Bar No. 045921984; SDTX No. 3063738
Francis R. Greene
    IL Bar No. 6272313; SDTX No. 2580087
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
E-Mail: andrew@sternthomasson.com
E-Mail: philip@sternthomasson.com
E-Mail: francis@sternthomasson.com

*Attorneys for Plaintiff, AARON WARREN*